# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| CHASE MANHATTAN MORTGAGE CORPORATION, et al., | Case No. 1:06-cv-038 |
| Plaintiffs | Dlott, J. |
| | Hogan, M.J. |
| vs | |
| DEMETRIOUS SMITH, et al., | **REPORT AND RECOMMENDATION** |
| Defendants. | |

This matter is before the Court on plaintiffs' motions for remand and for award of attorneys' fees and costs pursuant to 28 U.S.C. § 1447 (Doc. 10) and for extension of time to respond to defendants' objections to the state court's magistrate's decision (Doc. 11), to which defendants have not responded.

On December 5, 2005, defendant Demetrious Smith filed a pro se "Notice of Removal to Federal Court" purporting to remove a state court foreclosure action against Mr. Smith, his wife, and others to federal court. On December 14, 2005, the Court denied the pro se motion to proceed *in forma pauperis* of Demetrious Smith without prejudice to reconsideration upon the filing of counsel. (Doc. 2). The Court determined that Mr. Smith could not remove the state court action pro se because he was represented by counsel in the underlying state court action. *Id*. Counsel then entered an appearance in this federal court matter and sought reconsideration of the Order denying the motion to proceed *in forma pauperis* and Notice of Removal. The motion was granted on January 24, 2006, and a Notice of Removal was entered on the docket of the Court. Plaintiffs Chase Home Finance

LLC, successor in interest to Chase Manhattan Mortgage Corporation, and Mortgage Electronic Registration Systems, Inc., now move for remand of this matter pursuant to 28 U.S.C. § 1447(b) and for an award of attorneys' fees and costs. Plaintiffs' motions are well-taken and should be granted.

Removal is governed by 28 U.S.C. § 1441 which provides in relevant part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Defendants carry the burden of showing that removal is proper and that the federal court has original jurisdiction to hear the case. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 540 (1939); *Her Majesty the Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). The removal statute is to be strictly construed and in doubtful cases the exercise of jurisdiction is to be rejected. *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).

Although defendants' Notice of Removal asserts this Court has diversity jurisdiction over this matter, Mr. and Mrs. Smith are residents of Ohio and may not remove the state court action on this basis. Removal based on diversity of citizenship is proper only where the defendant is not a citizen of the forum state. The removal statute limits removal of actions premised on diversity jurisdiction to cases where "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is

brought." 28 U.S.C. § 1441(b). Thus, even if there is complete diversity among the parties, the presence of a properly joined and served resident defendant bars removal. *Federal National Mortgage Association v. LeCrone*, 868 F.2d 190, 194 (6th Cir. 1989); *see also Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 806 n.1 (1986). Because defendants are residents of Ohio, removal is barred under section 1441(b). Moreover, no case may be removed from state to federal court based on diversity of citizenship "more than 1 year after commencement of the action." 28 U.S.C. § 1446(b). Defendant Smith's Notice of Removal was presented to the Clerk of this Court on December 5, 2005, more than one year after the state court foreclosure action was commenced. *See Chase Manhattan Mortgage Corp. v. Smith*, Case No. A0408502 (Hamilton County, Ohio Court of Common Pleas, filed Oct. 20, 2004). Accordingly, the removal of the action would be untimely even if the Court did have diversity jurisdiction in this matter, which it does not.

Defendants also premise removal on the basis of the Court's federal question jurisdiction. District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In determining whether an action has been properly removed to federal court, the Court must examine the face of the plaintiff's well-pleaded complaint. Under the well-pleaded complaint rule, district courts have federal question removal jurisdiction over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). In other words, a case arises under federal law when an issue of

federal law appears on the face of the plaintiff's well-pleaded complaint. *Caterpillar*, 482 U.S. at 392; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The plaintiff is the master of the claim and may avoid federal jurisdiction by exclusive reliance on state law. *See Caterpillar*, 482 U.S. at 392. In addition, "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393 (emphasis in the original), citing *Franchise Tax Board*, 463 U.S. at 12.[1] See also Beneficial National Bank v. Anderson, 539 U.S. 1, 6 (2003); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

Defendants have failed to establish this Court has original federal question jurisdiction over this case. Defendants have not attached a copy of the state court complaint to their Notice of Removal as required under 28 U.S.C. § 1446(a) showing this case arises under the Constitution or laws of the United States. Nor do defendants argue the state court action is based on a federal claim. Defendants admit the state court action involves a mortgage foreclosure, but claim they only recently discovered (in July 2005 during bankruptcy proceedings) federal defenses to the action, contending the plaintiffs violated their rights under the Fair Housing Act, Equal Credit Act, and the Truth in Lending Act, among others. As noted above, the existence of a defense based upon federal law is

---

[1] The doctrine of complete preemption, a narrow exception to the well-pleaded complaint rule that has been applied in § 301 claims under the Labor Management Relations Act and in ERISA cases, *Caterpillar*, 482 U.S. at 393; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987), has not been alleged by defendants in this case.

insufficient to support removal jurisdiction. *Franchise Tax Board*, 463 U.S. at 8-12. Thus, defendants' federal defenses do not permit them to remove the foreclosure action from state to federal court. The foreclosure complaint remains an action between private parties to determine the contractual rights to private property. *See Federal National Mortgage Assoc. v. Le Crone*, 868 F.2d 190 (6th Cir.1989) (upholding district court's dismissal of FNMA's action to foreclose LeCrone's mortgage for lack of subject matter jurisdiction after removal from state court and vacating district court's entry of summary judgment on the case). Thus, defendants have failed to meet their burden of showing federal question jurisdiction in this matter.

Because this Court is without jurisdiction over this matter it need not reach plaintiffs' alternative arguments that defendants' removal action is untimely and not subject to equitable tolling. The Court lacks subject matter jurisdiction over this case and this matter should be remanded back to the state court. *See* 28 U.S.C. § 1447(c). Accordingly, plaintiffs' motion for remand (Doc. 10) should be granted.

Plaintiffs' motion for award of attorneys' fees and costs pursuant to 28 U.S.C. § 1447 should also be granted. Section 1447(c) provides in relevant part:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal[.]

28 U.S.C. § 1447(c). The decision to award attorney fees under section 1447(c) is within the sound discretion of the court. *Bartholomew v. Collierville,* 409 F.3d 684, 686-87 (6th Cir. 2005); *Morris v. Bridgestone/Firestone, Inc.,* 985 F.2d 238, 240 (6th Cir. 1993). A finding of bad faith or improper purpose is not needed before attorney fees may be awarded. *Id.* It is

an abuse of discretion for the court to refuse to award fees where the defendant's argument for removal was "'devoid of even fair support.'" *Bartholomew*, 409 F.3d at 687 (quoting *Ahearn v. Charter Township of Bloomfield*, (unpublished), 1998 WL 384558 at *2 (6th Cir. 1998)).

The Court finds that defendants' arguments for removal in this case were "devoid of even fair support" and that an award of attorney fees and costs is proper. For the reasons set forth above, removal of this action from state to federal court was improvident. This Court finds no reasonable basis to conclude that removal based on diversity jurisdiction was proper or that any state law claims arose under federal law such that the Court would have federal question jurisdiction over this case. The Court clearly lacks subject matter jurisdiction over this action and defendants have wholly failed to dispute plaintiffs' motions for remand or for attorney fees. Accordingly, the Court concludes that an award of attorney fees and costs would be fair and equitable under these circumstances.

Finally, plaintiffs' motion for extension of time to respond to defendants' objections to the state court's magistrate's decision (Doc. 11) should be granted. Plaintiffs state that on January 19, 2006, Magistrate Bernat entered a Magistrate's Decision granting summary judgment for plaintiffs in *Chase Manhattan Mortgage Corp. v. Smith*, Case No. A0408502 (Hamilton County Court of Common Pleas). On January 24, 2006, defendants filed their Notice of Removal in this case. On February 2, 2006, despite having filed a Notice of Removal, defendants filed objections to the Magistrate's Decision in the state court action and requested an oral hearing. Plaintiffs seek an extension of time of fourteen (14) days from the date of this Court's ruling on plaintiff's motion to remand within which to respond

to defendants' objections in the state court action. For good cause shown, the motion should be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiffs' motion for remand (Doc. 10) be **GRANTED**. If this recommendation is adopted, the Clerk of Court should be directed to file a certified copy of the order of remand with the clerk of the State court.

2. Plaintiffs' motion for award of attorneys' fees and costs pursuant to 28 U.S.C. § 1447 (Doc. 10) be **GRANTED**. If this recommendation is adopted, plaintiffs should be directed to file an itemized statement of attorneys' fees and costs with the Court within thirty (30) days of the Order adopting the Report and Recommendation.

3. Plaintiffs' motion for extension of time to respond to defendants' objections to the state court's magistrate's decision (Doc. 11) be **GRANTED**. If this recommendation is adopted, plaintiffs should be granted an extension of time of fourteen (14) days from the date of the Order adopting the Report and Recommendation within which to respond to defendants' objections in the state court action.

Date: 4/10/2006         s/Timothy S. Hogan
                        Timothy S. Hogan
                        United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| CHASE MANHATTAN MORTGAGE CORPORATION, et al., <br>     Plaintiffs <br><br> vs <br><br><br> DEMETRIOUS SMITH, et al., <br>     Defendants. | Case No. 1:06-cv-038 <br><br> Dlott, J. <br> Hogan, M.J. |

### NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).